

**JOSEPH A. FORTUNATO**
539 Valley Road
Upper Montclair, New Jersey 07043
(973) 744-5958
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
MARISOL KUILAN,

    Plaintiff,

vs.

SODEXO INCORPORATED,
SODEXHO FOOD SERVICES,
UNIVERSITY DINING SERVICES,
MONTCLAIR STATE UNIVERSITY
DORA LIM, RENEE CETRULO, and
JOHN DOES 1-10 (fictitious defendants,
real names currently unknown)

    Defendants.
_____

CIVIL ACTION NO.:

**COMPLAINT and JURY DEMAND**

## JURISDICTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and certain provisions of the United States Constitution. This Court may also assert pendent jurisdiction over state law claims including, but not limited to, the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et. seq., as amended.

Plaintiff, Marisol Kuilan, (herein "Plaintiff") by way of complaint against Defendants, Sodexo, Inc., Sodexho Food Services, University Dining Services, Montclair State University, Dora Lim, Renee Cetrulo, and John Does 1-10, by and through her attorney Joseph A. Fortunato, alleges:

1




## **PARTIES**

2. The Plaintiff, Marisol Kuilan, (hereinafter "Plaintiff") is a citizen of the United States of America who resides at 253 N. Arlington Avenue, East Orange, New Jersey.

3. The Defendant, Sodexo Incorporated, whose business address is located at 9801 Washington Boulevard, City of Gaithersburg, County of Montgomery and State of Maryland, was the employer of the Plaintiff.

4. The Defendant, Sodexo Incorporated, at all times herein, is duly incorporated under the laws of the State of New Jersey and owns, operates, manages, directs and controls the defendants.

5. The Defendant, Sodexho Food Services, at all times relevant herein, is duly incorporated under the laws of the State of New Jersey and owns, operates, manages, directs and controls the employees of the company.

6. The Defendant, University Dining Services, at all times relevant herein, is the operating entity of Sodexo, Inc. and provides dining services to university students, faculty, staff, and patrons.

7. The Defendant, Montclair State University, at all times relevant herein, is a state university of New Jersey located at One Normal Avenue, Upper Montclair and is in contract with Sodexho Food Services to provide food services to the students, faculty, staff, and patrons of Montclair State University.

8. The Defendant, Dora Lim, at all times relevant herein, was the General Manager of the Montclair State University Dining Service and was an agent, servant, and/or employee of Sodexo, Inc. at the time of discrimination.



9. The Defendant, Renee Cetrulo, at all times relevant herein, was the Director of Residence Dining and the Red Hawk Diner and an agent, servant, and/or employee of Montclair State University at the time of discrimination.

10. The Defendants, John Does 1-10 (whose real names are currently unknown) are at all times relevant herein employees of the Defendants, Sodexo Incorporated, Sodexho Food Services, University Dining Services, and Montclair State University, who upon information and belief, may have participated in, and/or aided and abetted, in the illegal conduct set forth herein, as will be further explored through discovery.

### COUNT ONE
(Title VII)

11. On or about June, 2005, Plaintiff was hired by Sodexo, Inc. and Sodexho Puerto Rico, Inc. located at Schering-Plough Corporation in Manatí, Puerto Rico, and left in December 2005 to relocate to the State of New Jersey.

12. On or about July, 2006, Plaintiff was hired by Sodexo, Inc. located at the Port Authority of New York and New Jersey, 1160 McLester Street, Elizabeth, New Jersey and worked with good standing through the month of December 2006, at which time Plaintiff moved on to work for another company.

13. On or about August 18, 2008, Plaintiff was hired by Defendants Sodexo, Inc. and University Dining Services, located at Montclair State University, One Normal Avenue, Upper Montclair, New Jersey.

14. On or about August 29, 2008, Plaintiff was informed by Defendants Dora Lim and Renee Cetrulo about Plaintiff's alleged falsification of information on her job application and was discharged.

 

15. Plaintiff hired an attorney and was then reinstated on September 3, 2008.

16. On or about September 11, 2008, Defendants terminated Plaintiff from her position as cook.

17. The Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission on May 21, 2009, bearing EEOC Charge No. 524-2009-00888.

18. The United States Equal Employment Opportunity Commission, on May 10, 2011, served a Notice of Rights to Sue wherein the Commission stated that after an investigation of this matter, it was able to conclude that the information obtained did establish a violation of the applicable statutes, but that it was unable to reach a workable settlement with Defendants to resolve all of Plaintiff's grievances.

19. Plaintiff was terminated on or about September 11, 2008 by Sodexho Food Services, based upon Defendant's bad faith dealing regarding Plaintiff's employment application. Defendant's employment application questioned if applicants were convicted of a crime in the past seven years as of the date of the application. Plaintiff was convicted of a crime on or about September 9, 1996, twelve years before applying to the position as cook.

20. Defendants informed Plaintiff that if she filed for an expungment request, she would be able to return to work as soon as possible.

21. After Plaintiff spoke with Defendants and hired an attorney to begin the expungement process, Plaintiff had been re-instated on or about September 3, 2008, but abruptly terminated again on or about September 11, 2008 upon the pretext of having a

felony conviction, even though she had successfully shown that her conviction was being expunged. These actions were neither justified nor appropriate and were carried out because of discrimination based upon the race and/or national origin of Plaintiff.

22. Plaintiff has been damaged emotionally, physically, and financially by the hostile discriminatory work environment maintained and condoned by the Defendant.

23. The conduct on the part of the Defendants constitutes a pattern and/or practice of race discrimination.

24. Plaintiff claims damages for the injuries set forth above under Title VII of the Civil Rights Act.

**WHEREFORE**, the Plaintiff, Marisol Kuilan, seeks Judgment against the Defendants, as follows:

(a) Compensatory damages for injury, humiliation, mental anguish, loss of income and loss of reputation.

(b) Punitive damages.

(c) Attorney's fees.

(d) Interest and costs.

(e) Any other relief deemed just by this Court.

### COUNT TWO
**(Breach of Contractual Relationship)**

25. Plaintiff repeats all of the allegations of each of the preceding paragraphs as if set forth fully herein.

26. Plaintiff, Marisol Kuilan had a legitimate expectation that any anti-discrimination policy of Defendant Sodexo, Inc. would be enforced.





27.  The legitimate expectation rose to a contractual relationship, which was breached when Defendants failed to enforce existing anti-discrimination policy. The conduct on the part of the Defendants constitutes a pattern and/or practice of discrimination based upon place of national origin.

28.  As a result of Defendants' actions or lack thereof, Plaintiff, Marisol Kuilan, has suffered and continues to suffer injury, including but not limited to pain, suffering, and emotional distress attendant thereto.

**WHEREFORE**, the Plaintiff, Marisol Kuilan, seeks Judgment against the Defendants, as follows:

(f) Compensatory damages for injury, humiliation, mental anguish, loss of income and loss of reputation.

(g) Punitive damages.

(h) Attorney's fees.

(i) Interest and costs.

(j) Any other relief deemed just by this Court.

## COUNT THREE
(**New Jersey Law Against Discrimination**)

29.  Plaintiff repeats all of the allegations of each of the preceding paragraphs as if set forth fully herein.

30.  Plaintiff claims damages for the injuries set forth above under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

31.     Said discrimination was condoned, perpetrated, and aided and abetted by all defendants who are liable for same under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1. et seq.

32.     As a direct and proximate result of their acts, Defendants caused Plaintiff to suffer and sustain emotional and mental trauma, including but not limited to pain and suffering, emotional distress, as well as economic hardship.

**WHEREFORE**, the Plaintiff, Marisol Kuilan, seeks Judgment against the Defendants, as follows:

(k) Compensatory damages for injury, humiliation, mental anguish, loss of income and loss of reputation.

(l)  Punitive damages.

(m)  Attorney's fees.

(n) Interest and costs.

(o) Any other relief deemed just by this Court.


BY:     s/Joseph A. Fortunato
        Joseph A. Fortunato
DATED: August 5, 2011          Attorney for Plaintiff




## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

|  | s/Joseph A. Fortunato |
|---|---|
|  | Joseph A. Fortunato |
| DATED: August 5, 2011 | Attorney for Plaintiff |

## DESIGNATION OF TRIAL COUNSEL

Joseph A. Fortunato, Esq. is designated as trial counsel in this matter.

|  | s/Joseph A. Fortunato |
|---|---|
|  | Joseph A. Fortunato |
| DATED: August 5, 2011 | Attorney for Plaintiff |




## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2 (b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DATED: August 5, 2011

s/Joseph A. Fortunato  
Joseph A. Fortunato  
Attorney for Plaintiff

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matters in controversy in this action are not the subject of any other action pending in any other court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

DATED: August 5, 2011

s/Joseph A. Fortunato  
Joseph A. Fortunato  
Attorney for Plaintiff