UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARISOL KUILAN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> : <br> : <br> SODEXO INCORPORATED, SODEHXO : <br> FOOD SERVICES, UNIVERSITY DINING : <br> SERVICES, MONTCLAIR STATE : <br> UNIVERSITY, DORA LIM, RENEE : <br> CETRULO : <br> : <br> Defendants. : <br> : | Civil Action No. 11-4567 (SDW)(MCA) <br><br> **OPINION** <br><br> May 31, 2012 |

**WIGENTON**, District Judge.

Before the Court is Defendants Sodexo Incorporated[1] ("Sodexo"), Sodexho Food Services ("Food Services"), University Dining Services ("Dining Services"), Montclair State University ("Montclair"), Dora Lim ("Lim"), and Renee Cetrulo's ("Cetrulo") (collectively "Defendants") Motion to Dismiss Marisol Kuilan's ("Plaintiff" or "Kuilan") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted ("Motion"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper in this District pursuant to 28 U.S.C. § 1391. This Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, this Court grants Defendants' Motion in part, and denies it in part.

---

[1] In 2008, "Sodexho, Inc." became "Sodexo, Inc."
http://www.sodexousa.com/usen/newsroom/press/sodexhosodexo.asp (last visited Apr. 12, 2012).

1

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 15, 2008, Kuilan applied for a kitchen position with Sodexo and specifically requested to work at Montclair. (Pl.'s Opp'n Br. Ex B, at 1.) The employment application inquired if Plaintiff had "ever been convicted of any felonies within the past seven (7) years." (Pl.'s Opp'n Br. Ex. B, at 1.)[2] Although Plaintiff pled guilty to two counts of aggravated assault in the fourth degree pursuant to N.J. Stat. Ann. § 2C:12-1b(3) and three counts of endangering the welfare of a child in the third degree under N.J. Stat. Ann. § 2C:24-4, she answered, "No" to that question because those convictions occurred twelve years before she applied for the position. (Pl.'s Opp'n Br. Ex. G, at 2; Pl.'s Opp'n Br. Ex. B, at 1; Compl. ¶ 19.) Thereafter, on August 18, 2008, Sodexo hired Plaintiff to work at Montclair. (Compl. ¶ 13.)

On August 29, 2008, Lim, the General Manager of the Montclair Dining Service and Cetrulo,[3] the Director of Resident Dining and the Red Hawk Diner at Montclair,[4] allegedly informed Plaintiff that she falsified information on her job application. (Id. ¶¶ 8, 9, 14.) As a result, Plaintiff was discharged. (Id. ¶ 14.) Kuilan alleges that

---

[2] In deciding this Motion, this Court will consider undisputedly authentic documents that both parties attached as exhibits to their briefs because those documents are integral to Kuilan's claims. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d. Cir. 1997) ("[A] district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings . . . an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (internal citation omitted).

[3] Kuilan alleges that Lim and Cetrulo were her supervisors during her employment at Montclair State University. (Pl.'s Opp'n Br. 2.) However, Plaintiff asserts that Lim is Sodexo's employee whereas Cetrulo is employed by Montclair. (Compl. ¶¶ 8-9.)

[4] In Plaintiff's complaint, Plaintiff stated Renee Cetrulo was the Director of Residence Dining and the Red Hawk Diner. (Compl. ¶ 9.) However, in the Opposition Brief, Plaintiff stated Cetrulo's position as the Director of Sodexo Campus Services at Montclair State University. (Pl.'s Opp'n Br. 2-3.)

2

Defendants informed her that she could return to work if she filed a request for expungement.[5]  (Id. ¶ 20.)

Thereafter, Plaintiff retained an attorney to begin the expungement process.  (Id. ¶ 21.)  On September 2, 2008, Plaintiff's attorney sent a letter to Cetrulo informing her that Kuilan's convictions occurred twelve years ago and that she was entitled to an expungement.  (Pl.'s Opp'n Br. Ex. C.)

Subsequently, on September 3, 2008, Plaintiff was briefly reinstated to her position. (Compl. ¶ 21.)  Kuilan alleges that Defendants terminated her employment on September 11, 2008, "even though she had successfully shown that her conviction was being expunged."  (Id.)  On August 25, 2009, the New Jersey Superior Court granted Plaintiff's application for expungement.  (Pl.'s Opp'n Br. Ex. D.)

On May 21, 2009, Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") against Sodexo alleging that it discriminated against her on the basis of national origin in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000(e) et. seq.  (Palo Certification ("Certif.") Ex. C, at 2.)  Sodexo, in response to the EEOC complaint, stated that it did not discriminate against Kuilan because she was terminated as a result of New Jersey Alcohol Beverage Control's ("NJABC") regulations.  (Palo Certif. Ex. D, at 1.)  Specifically, Sodexo argued that it holds a liquor license and NJABC prohibits it from employing any individual who has been convicted of a crime of moral turpitude.  (Id.)

On May 6, 2010, the EEOC issued a determination letter concluding that based on evidence gathered during the investigation, Sodexo's "defense does not withstand

---

[5] Plaintiff specifies in her Opposition Brief that Cetrulo, not all Defendants, told her that she could return to work if she filed for an expungement. (Pl.'s Opp'n Br. 2-3.)

3

scrutiny" and Kuilan "was subjected to discrimination on the basis of national origin." (Id. at 2.) The EEOC invited Plaintiff and Sodexo to initiate conciliation of the action. (Id.) However, the parties were unable to reach a settlement. (Compl. ¶ 18.) Consequently, on May 20, 2011, the EEOC issued a Notice of Right to Sue. (Id.)

Subsequently, on August 5, 2011, Kuilan initiated this action alleging that Defendants terminated her because of her race and/or national origin, (id. ¶ 21), in violation of Title VII and the New Jersey Law Against Discrimination ("LAD"), N.J. Stat. Ann. § 10:5-1 et. seq. Kulian also alleges that Defendants' conduct constitutes a breach of contract because they failed to enforce Sodexo's anti-discrimination policy. (Compl. ¶¶ 25-27.) Plaintiff seeks compensatory damages, punitive damages, attorney's fees, and interests and costs. (Id. ¶¶ 24, 28, 32.)

**LEGAL STANDARD**

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." See also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief") (citation omitted). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips, 515 F.3d at 231 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). Iqbal, 129 S. Ct. at 1950 (internal quotation marks omitted).

According to the Supreme Court in Twombly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his[or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal citations omitted). Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. The Third Circuit summarized the Twombly pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

**DISCUSSION**

1. LAD Claim

    a. Statute of Limitations

Defendants argue that Plaintiff's claim under the LAD should be dismissed because it is time barred. (Defs.'Br. 6.) On the other hand, Kuilan contends that her LAD claim is not barred by the statute of limitations because Defendants' actions constitute a continuing violation. (Pl's Opp'n Br. 6.)

There is a two-year statute of limitations for all claims alleging a violation of the LAD. Montells v. Haynes, 133 N.J. 282, 292 (1993). The exception to the statute of limitations is the "continuing violation theory," which applies "[w]hen an individual is subject to a continual, cumulative pattern of tortious conduct." Wilson v. Wal-Mart Stores, 158 N.J. 263, 272 (1999). In such an instance, "the statute of limitations does not begin to run until the wrongful action ceases." Id. Here, Plaintiff's LAD claim, if it does not fall within the continuing violation exception, is barred. Plaintiff was terminated on September 11, 2008. (Compl. ¶ 21.) Therefore, Kuilan had to file her cause of action by September 11, 2010, to fall within the two-year statutory period because the statute of limitations began to run on the day she was discharged. Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 19 (2002); see also Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1416-17 (3d Cir. 1991) (noting that the limitations period is triggered "when the employer had established its official position and made that position apparent to the employee by explicit notice."). However, she did not commence this action until August 5, 2011. (Docket Entry No. 1). Consequently, Kuilan's cause of action is barred if Defendants' conduct does not constitute a continuing violation.

To determine if the continuing violation doctrine applies, the court must undertake the following inquiries:

> First, have plaintiffs alleged one or more discrete acts of discriminatory conduct by defendants? If yes, then their cause of action would have accrued on the day on which those individual acts occurred. Second, have plaintiffs alleged a pattern or series of acts, any one of which may not be actionable as a discrete act, but when viewed cumulatively constitute a hostile work environment? If yes, then their cause of action would have accrued on the date on which the last act occurred, notwithstanding "that some

6

>   of the component acts of the hostile work environment [have fallen] outside the statutory time period."

Shepherd, 174 N.J. at 21 (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002)).

Here, Kuilan has not "alleged one or more discrete acts" or "a pattern or series of acts." Shepherd, 174 N.J. at 21. Plaintiff merely alleges that she was discharged. In Roa v. Roa, the New Jersey Supreme Court held that "[u]nder Morgan and Shepherd, a discharge is a discrete discriminatory act that places an employee on notice of the existence of a cause of action and of the need to file a claim." 200 N.J. 555, 569 (2010). As a result, Plaintiff has not alleged a continuing violation.

This Court is not persuaded by Plaintiff's assertion that Defendants' conduct constitutes an "ongoing and continual harm to her current and future prospects of employment" because they have "communicat[ed] with her prospective employers that [she] was discharged for falsifying her employment application." (Pl.'s Opp'n Br. 6-7.) The plaintiff in Anyawu v. BJ's Wholesale Club, Inc., raised a similar argument. Civ. A. No. 08-6319, 2009 U.S. Dist. LEXIS 70153, at *12-13 (D.N.J. Aug. 10, 2009). There, the plaintiff argued that the effect of his discharge—the denial of unemployment benefits—constituted a continuing violation. Id. The court declined to adopt the plaintiff's position and noted that if the plaintiff's "argument were accepted, the LAD statute of limitations would renew every time plaintiff experienced the negative side effects of losing his employment." Id. at 14. Similarly, in Brennan v. State, the plaintiff asserted that his employers' testimony against him after they changed his job duties constituted discrete discriminatory acts. Docket No. A-3119-07T3, 2009 N.J. Super. Unpub. LEXIS 1920, at *18 (App. Div. July 24, 2009). In concluding that the post-

termination testimony did not constitute an additional discrete act of discrimination, the court noted that "plaintiff's argument, if accepted, would mean that the LAD's statute of limitations would automatically renew whenever an employer or its witnesses testified contrary to a plaintiff's version of events." Id. As a result, this Court concludes that Plaintiff's LAD claim is barred by the statute of limitations.

2. Title VII Claims

a. Claim against Montclair

Defendants assert that Plaintiff's Title VII claim against Montclair should be dismissed because Plaintiff did not file a charge with the EEOC against Montclair. (Defs.' Br. 8.) Plaintiff does not dispute that Montclair was not named in the EEOC charge. This Court concludes that Kuilan failed to exhaust her administrative remedies against Montclair because she did not name Montclair in the EEOC charge.[6]

Prior to initiating a Title VII action, a plaintiff must exhaust his/her administrative remedies by filing a charge with the EEOC and receiving a right to sue letter. Burgh v. Borough Council of Montrose, 251 F.3d 465, 469-70 (3d Cir. 2001); see also 42 U.S.C. § 2000(e)-5(1). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). A plaintiff's "[f]ailure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim." Devine v. St. Luke's Hosp., 406 F. App'x 654, 656 (3d Cir. 2011) (citing Anjelino v. N.Y. Times Co., 200 F.3d 73, 87-88

---

[6] This Court notes that Kuilan did not name Dining Services and Sodexo in the EEOC charge. However, Defendants did not move for dismissal of Plaintiff's Title VII claim as to those defendants on this ground. Therefore, that issue is not before this Court and it will not discuss whether Plaintiff has exhausted her administrative remedies as to those defendants.

8

(3d Cir. 1999)); see also Stampone v. Freeman Decorating Co., 196 F. App'x 123, 125 (3d Cir. 2006) ("In the absence of a right-to-sue letter, a Title VII suit can be dismissed for failure to state a claim upon which relief may be granted.").

In this case, Plaintiff filed a charge with the EEOC on May 28, 2009.  (Palo Certif. Ex. C, at 2.)  However, that charge was filed only against Food Services and not the other defendants.  (See id.)  Consequently, Kuilan has not exhausted her remedies as to Montclair.  See Dixon v. Phila. Hous. Auth., 43 F. Supp. 2d 543, 545 (E.D. Pa. 1999) ("A Title VII action ordinarily may be brought only against a party previously named in an EEOC action.").

The Third Circuit has, however, recognized a narrow exception to the exhaustion requirement.  This exception applies "when the unnamed party received notice and when there is a shared commonality of interest with the named party."  Schafer v. Bd. of Pub. Educ., 903 F.2d 243, 252 (3d Cir. 1990).  In determining whether there is a commonality of interest between the named and the unnamed party, the Third Circuit has articulated a four-prong test:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

9

Dixon, 43 F. Supp. 2d at 546 (quoting Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d Cir. 1980)), vacated on other grounds, 451 U.S. 935 (1981).  The Third Circuit has instructed that "[t]his four-prong test is not a mechanical one; no single factor is decisive. Instead[,] each factor should be evaluated in light of the statutory purposes of Title VII and the interests of both parties." Glus, 629 F.2d at 251.

Here, Plaintiff has not alleged that Montclair received notice of the EEOC charge. Furthermore, there is no commonality of interest between Food Services and Montclair under these circumstances because three[7] of the Glus factors weigh against Plaintiff.  It would have required minimal effort for Kuilan to ascertain the role Montclair played in her termination at the time she filed the EEOC charge.  Also, Montclair's interests are different from Food Services' interests because they are different entities.  In addition, Montclair's interests were prejudiced by not receiving notice because it was not given the opportunity to provide the EEOC with relevant information supporting its position.

Moreover, Plaintiff mentions Montclair in the EEOC charge only in reference to an explanation of her job duties.  The EEOC charge does not contain any information as to Montclair's role in Plaintiff's discharge or any other discriminatory act Montclair performed.  Therefore, the EEOC charge would not have given Montclair notice or given it the opportunity to participate in remedial action.  See Kinnally v. Bell of Pa., 748 F. Supp. 1136, 1139-40 (E.D. Pa. 1990) (concluding that the plaintiff sufficiently complied with the exhaustion requirement even though the plaintiff did not name the individual defendants in the EEOC charge because the plaintiff described the unnamed defendants' conduct in the EEOC complaint).  Additionally, Plaintiff applied for a position of employment with Sodexo, not Montclair, and the application form Plaintiff filled out was

---

[7] There is not enough information in the record for the Court to analyze the last prong of the test.

10

titled "Sodexho Employment Application." (Pl.'s Opp'n Br. Ex. B, at 1.) Moreover, Kuilan alleges that it was Sodexo that terminated her employment, not Montclair. (Compl. ¶ 19.) This Court cannot conclude, under these facts, that Kuilan exhausted her administrative remedies against Montclair by naming Food Services in the EEOC charge.

      b. <u>Claim against Sodexo, Food Services, and Dining Services</u>

  Defendants assert that Kuilan has failed to state a claim against Sodexo, Food Services, and Dining Services because she failed to allege a *prima facie* case for discriminatory discharge. To state a *prima facie* case for discriminatory discharge under Title VII, a plaintiff must allege that: "(1) he is a member of a protected class, (2) he was qualified for the position from which he was discharged, and (3) others not in the protected class were treated more favorably." <u>Hubbard v. Springfield Bd. of Educ.</u>, 80 F. App'x 757, 759 (2003) (citing <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973)).

  Defendants maintain that Plaintiff's Title VII claims should be dismissed because she has not alleged: (1) that she is a member of a protected class; (2) that she was qualified for the position; or (3) discriminatory intent. (Defs.' Br. 9-11.) This Court is not persuaded by Defendants' argument. First, although Kuilan has failed to plead that she is a member of a protected class, she maintains that the defect can be cured by an amendment. As Kuilan points out, "in the typical case in which a defendant asserts the defense of failure to state a claim by motion, the plaintiff may amend the complaint once 'as a matter of course' without leave of court." <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000). Consequently, Plaintiff may amend the Complaint to allege that she is a member of a protected class.

11

Second, Defendants maintain that Plaintiff's Title VII claim should be dismissed because she has failed to plead that she was qualified for the position. According to Defendants, Kuilan was not qualified for the position under N.J.A.C. § 13:2-14.5. (Defs.' Br. 10.) N.J.A.C. § 13:2-14.5 provides in relevant part:

> No licensee shall knowingly employ or have connected with him in any business capacity any person who has been convicted of a crime involving moral turpitude unless the statutory disqualification resulting from such conviction has been removed by order of the Director, in accordance with N.J.A.C. [§] 13:2-15, or such person has first obtained the appropriate rehabilitation employment permit or temporary work letter from the Director.

Id. Here, Plaintiff alleges that Defendants told her that she could return to work if she filed for an expungment and she did indeed obtain one on August 25, 2009. (Compl. ¶ 20; Pl.'s Opp'n Br. Ex. D.) Additionally, as the EEOC noted:

> NJABC has provisions for employees and employers to petition the Division to determine eligibility if a crime is of moral turpitude. Documentary evidence indicates that NJABC offers employees/ employers the opportunity to obtain a "Temporary Work Letter", "Rehabilitation Work Permit", and/or "Disqualification Removal", which allows employees to work if they have past criminal convictions, with employers who hold a liquor license with NJABC.

(Palo Certif. Ex. D, at 2.) Therefore, Defendants' argument lacks merit.

Third, Defendants' position that Kuilan has not pled discriminatory motive because she was terminated for falsifying information about her conviction on her employment application, (Defs.' Br. 11), is factually inaccurate. The employment application inquired if the applicant had "ever been convicted of any felonies within the past seven (7) years." (Pl.'s Opp'n Br. Ex. B, at 1) (emphasis added). At the time Kuilan

12

completed the application, she had been convicted twelve years ago. (Pl.'s Opp'n Br. Ex. G, at 2.) Therefore, she did not provide false information when she answered "No."

Defendants also maintain that Plaintiff's claim should be dismissed because she failed to exhaust her administrative remedies. (Defs.' Br. 13.) Defendants contend that Kuilan's claim is outside the scope of the right to sue letter because her EEOC charge only asserted a claim for discrimination on the basis of national origin but the present action alleges discrimination on the basis of national origin and/or race. (Id.; see Compl. ¶ 21.)

Although "the parameters of [a Title VII] action in the district court are [generally] defined by the scope of the EEOC investigation," the Third Circuit has recognized a narrow exception. Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976). This exception applies to allegations in the complaint that "squarely fit" the EEOC charge. Schanzer v. Rutgers Univ., 934 F. Supp. 669, 674 (D.N.J. 1996). Therefore, "[f]actual allegations that were not alleged at the agency level may be properly asserted in the district court if they can be reasonably expected 'to grow out of the charge of discrimination.'" Id. (quoting Ostapowicz, 541 F.2d at 399).

Here, Kuilan alleges that Defendants discriminated against her on the basis of national origin and/or race. (Compl. ¶ 21.) As a result, her claim alleging discrimination on the basis of national origin is within the scope of the right to sue letter. Furthermore, her claim alleging discrimination on the basis of race arises out of the same set of facts as her claim for national origin discrimination. Therefore, it "can be reasonably expected to grow out of the charge of discrimination." Schanzer, 934 F. Supp. at 674 (internal quotation marks and citation omitted).

Defendants' reliance on Barzanty v. Verizon Pa., Inc., 361 F. App'x 411 (3d Cir. 2010), is misplaced. There, the plaintiff alleged that the defendant discriminated against her on the basis of gender in her EEOC complaint. However, in her subsequent action to the district court, she asserted that the defendant also subjected her to a hostile work environment. Id. at 412-13. The court concluded that the plaintiff's hostile work environment claim was not within her initial EEOC charge. Id. at 414. In making that determination, the court noted that the plaintiff's two claims were based on separate occurrences and different sets of facts. Id. That is not the case here. As stated earlier, Kuilan's claim for discrimination on the basis of race is based on the same factual predicate as her claim for discrimination on the basis of national origin. This Court concludes that Kuilan has exhausted her administrative remedies.

    c. Individual Liability

Defendants also contend that Plaintiff's claim against Lim and Cetrulo should be dismissed because there is "no individual liability to co-workers or supervisors pursuant to Title VII." (Defs.' Br. 9.) This Court agrees.

In Sheridan v. E.I. DuPont de Nemours & Co., the Third Circuit observed that "Congress did not contemplate that such damages would be assessed against individuals who are not themselves the employing entity." 100 F.3d 1061, 1077 (3d Cir. 1996), cert. denied, 521 U.S. 1129 (1997). Therefore, it concluded that "Congress did not intend to hold individual employees liable under Title VII." Id. at 1078; see also Schanzer, 934 F. Supp. at 676 n.7 (concluding that there is no individual liability under Title VII). Therefore, Kuilan's Title VII claim against Lim and Cetrulo is dismissed.

14

    3.   <u>Breach of Contract Claim</u>

Defendants maintain that Plaintiff's claim for breach of contract should be dismissed for failure to state a claim. (Defs.' Br. 14.) Initially, Plaintiff alleged in her Complaint that Defendants' alleged discriminatory conduct constitutes a breach of contract because she "ha[d] a legitimate expectation that any anti-discrimination policy of Defendant Sodexo, Inc., would be enforced." (Compl. ¶ 26.) Subsequently, Kuilan changed her theory of liability and asserted that Defendants terminated her employment even though Cetrulo promised her continued employment if she obtained an expungement. (Pl.'s Br. 7.) This Court concludes that Kuilan has failed to state a claim for breach of contract under either theory of liability.

First, Plaintiff has failed to state a claim against Food Services, Dining Services, Montclair, and Lim for breach of contract because there are no factual allegations in the Complaint about a contractual relationship with those defendants. Plaintiff bases her breach of contract claim entirely on Sodexo's anti-discrimination policy. Therefore, her breach of contract claim against Food Services, Dining Services, Montclair, and Lim is dismissed.

Second, this Court acknowledges that "[i]n certain circumstances, a company's employment manual contractually can bind the company notwithstanding its inclusion of a disclaimer of a creation of enforceable rights." <u>Monaco v. Am. Gen. Assurance. Co.</u>, 359 F.3d 296, 308 (3d Cir. 2004), <u>cert. denied</u>, 543 U.S. 814 (2004) (citing <u>Geldreich v. Am. Cyanamid Co.</u>, 299 N.J. Super. 478, 484-86 (App. Div. 1997)). However, "New Jersey law does not provide a separate breach of contract cause of action on the basis of generalized anti-discrimination language in an employee handbook where the alleged

discrimination would be in violation of" the LAD. Id. at 309. This is because "[s]uch a breach of contract cause of action would add nothing to the statutory cause of action." Id. Also, New Jersey law does not allow "supplementary common law causes of action . . . when a statutory remedy under the LAD exists." Catalane v. Gilian Instrument Corp., 271 N.J. Super. 476, 492 (App. Div. 1994). Here, Kuilan's breach of contract claim is predicated on the same set of facts as her LAD claim and seeks the same remedies. Therefore, her breach of contract claim is barred because it is duplicative of her LAD claim.

**CONCLUSION**

For the reasons stated above, Defendants' Motion is granted in part, and denied in part.

**SO ORDERED.**

s/ Susan D. Wigenton<br>**Susan D. Wigenton, U.S.D.J.**

cc: Madeline Cox Arleo, U.S.M.J.